UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALBERTS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BROADWAY TOWER ASSOCIATES, L.P., a California limited partnership, et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  25-cv-2908-RSH-SBC<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) DIRECTING U.S. MARSHALS SERVICE TO EFFECT SERVICE**<br><br>[ECF No. 2] |

On October 28, 2025, plaintiff David Alberts, proceeding *pro se*, initiated this action and filed a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 ("Compl."); 2.

**I.  MOTION TO PROCEED IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.

1  1999). A federal court may authorize the commencement of an action without the
2  prepayment of fees if the party submits an affidavit, including a statement of assets,
3  showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in
4  support of an IFP application is sufficient where it alleges that the affiant cannot pay the
5  court costs and still afford the necessities of life[.]" *Escobedo v. Applebees*, 787 F.3d 1226,
6  1234 (9th Cir. 2015). Here, Plaintiff's IFP application is complete and establishes the
7  requisite level of financial need. Plaintiff's application is therefore granted.

## II.  SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, upon review, the Court determines that the Complaint passes screening, without prejudice to any arguments that Defendants may make on a motion to dismiss.

## III.  CONCLUSION

For the foregoing reasons:

1.  Plaintiff's motion to proceed IFP [ECF No. 2] is **GRANTED**.

2.  The Court **DIRECTS** the Clerk to issue a summons as to Plaintiff's

Complaint [ECF No. 1] upon defendants Broadway Tower Associates LP; Kimball, Tirey & St. John LLP; and Natalie D. Contreras, and forward it to Plaintiff along with three blank U.S. Marshal Form 285s. In addition, the Clerk will provide Plaintiff with a copy of this Order, certified copies of the Complaint [ECF No. 1], and the summons so that he may serve these Defendants. Upon receipt of the Clerk's "IFP Package," Plaintiff must complete the U.S. Marshal Form 285s as completely and accurately as possible, include a physical address where each Defendant may be found and subject to service, see S.D. Cal. Civ. L.R. 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

      3.      The Court **DIRECTS** the U.S. Marshals Service to serve a copy of Plaintiff's Complaint and summons upon defendants Broadway Tower Associates LP; Kimball, Tirey & St. John LLP; and Natalie D. Contreras as directed by Plaintiff on the USM Form 285s, and to file executed waivers of personal service upon each Defendant with the Clerk of Court as soon as possible after their return. Should Defendants fail to return the U.S. Marshal's requests for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed, but unexecuted Form USM 285 Process Receipt and Returns with the Clerk of the Court, include the date the summons, Complaint and requests for waiver were mailed, and indicate why service upon each Defendant was unsuccessful. The United States will advance all costs of service; however, if Defendants are located within the United States, and fail without good cause to sign and return the waivers requested by the Marshal on Plaintiff's behalf, the Court will impose upon Defendants any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

      4.      The Court **ORDERS** defendants Broadway Tower Associates LP; Kimball, Tirey & St. John LLP; and Natalie D. Contreras, once served, to respond to Plaintiff's Complaint, and any subsequent pleading Plaintiff may file in this matter in which they are named as a Defendants, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3).

     5.     The Court **ORDERS** Plaintiff, after service has been made by the U.S. Marshals Service, to serve by mail upon defendants Broadway Tower Associates LP; Kimball, Tirey & St. John LLP; and Natalie D. Contreras, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: November 24, 2025

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge