UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALBERTS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BROADWAY TOWER ASSOCIATES, L.P., a California limited partnership, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 25-cv-2908-RSH-SBC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 5] |

On October 28, 2025, plaintiff David Alberts filed a complaint against Defendants and filed an application to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. On November 24, 2025, the Court granted Plaintiff's motion to proceed IFP, screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and directed the U.S. Marshals Service to effectuate service of the Complaint and summons. ECF No. 3.

On November 28, 2025, Plaintiff filed a motion to appoint counsel, on the grounds that "he lacks the ability to litigate this case without counsel." ECF No. 5 at 4.

There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390

F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). The burden of demonstrating exceptional circumstances is on the party seeking counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A district court must consider the likelihood of success on the merits and the ability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

The Court finds that Plaintiff has not met the requisite burden here. Nothing in Plaintiff's pleading or in his IFP application reflects that he is incapable of articulating the basis for his claims. Additionally, although Plaintiff's complaint passes screening, neither the complaint itself nor Plaintiff's application as yet demonstrates a likelihood of success on the merits. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel [ECF No. 5] without prejudice.

IT IS SO ORDERED.

Dated: December 2, 2025

_____
Hon. Robert S. Huie
United States District Judge