UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALBERTS,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGE HOUSING CORPORATION, et al.,<br><br>Defendants. | Case No.: 25-cv-2908-RSH-SBC<br><br>**ORDER GRANTING KTS DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART BRIDGE DEFENDANTS' MOTION TO DISMISS**<br><br>[ECF Nos. 13, 21, 27] |

Pending before the Court are motions to dismiss Plaintiff's Amended Complaint, filed by defendants Kimball, Tirey & St. John LLP, Natalie D. Contreras, Raymund M. Quicho (collectively the "KTS Defendants"), and defendants Bridge Housing Corporation and Jennifer Ramirez (collectively the "Bridge Defendants"). ECF Nos. 13, 21. As set forth below, the KTS Defendants' motion is granted, and the Bridge Defendants' motion is granted in part and denied in part.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff is a tenant at Celadon, a residential property in San Diego owned by Bridge

25-cv-2908-RSH-SBC

Housing, where he receives federally-funded low-income housing assistance from the U.S. Department of Housing and Urban Development's ("HUD's") Choice Voucher Program. Plaintiff's claims arise from his tenancy at Celadon. ECF No. 8 ¶¶ 2, 10. Plaintiff alleges that he "has physical, neurodevelopmental, and depressive/anxiety disabilities" that limit "one or more of his major life activities." *Id.* ¶18.

The Amended Complaint names five defendants: Bridge Housing and its employee, Jennifer Ramirez; and the law firm Kimball, Tirey & St. John LLP ("KTS") and its attorneys, Natalie D. Contreras and Raymund M. Quicho. *Id.* ¶¶ 10-14.

The pro se Amended Complaint alleges as follows. Beginning in 2025, Defendants engaged in unlawful conduct by retaliating against, discriminating against, and harassing Plaintiff because Plaintiff was engaged in activities protected by federal and state law. *Id.* ¶¶ 21, 22. On June 3, 2025, Plaintiff published a tenants' union Facebook page and notified Ramirez about the page. *Id.* ¶ 23. On June 9, 2025, Plaintiff submitted a request for disability-related accommodation, along with medical documentation of his disabilities, to Bridge Housing. *Id.* ¶ 25. The following day, Plaintiff received a letter from Contreras, which stated "Plaintiff's publication of photographs and statement regarding property management" on the tenants' union Facebook page was a "violation of privacy." *Id.* ¶¶ 207, 208. On June 12, 2025, Plaintiff published a tenants' union website and notified Defendants about the website. *Id.* ¶ 26. Later that same day, Defendants served Plaintiff with a "Notice to Permanently Perform Covenant or Quit," purporting to inform him that he breached his lease agreement and giving him an opportunity to correct the violation. *Id.* ¶¶ 27, 28.

On June 16, 2025, Plaintiff filed a housing discrimination complaint with HUD and the California Department of Fair Employment and Housing, and notified Defendants. *Id.* ¶¶ 21, 31. Later that same day, Defendants served Plaintiff with a second notice to quit that corrected deficiencies that Plaintiff had raised regarding the first notice. *Id.* ¶ 32. Both notices were signed by Quicho. *Id.* ¶ 165. Plaintiff complied with the requests in the second notice, and continued to pay rent to Bridge Housing. *Id.* ¶ 224. Defendants never filed an

unlawful detainer action against Plaintiff. *Id.* ¶ 39.

### B.     Procedural History

On October 28, 2025, Plaintiff filed his Complaint in this action along with a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. The Court granted Plaintiff leave to proceed IFP, and directed the U.S. Marshals Service to effectuate service of process. ECF No. 3. Plaintiff thereafter filed a motion to appoint counsel, which the Court denied. ECF Nos. 5, 6. On December 3, 2025, Plaintiff filed an Amended Complaint. ECF No. 8.

The Amended Complaint brings the following claims, as numbered therein, against all Defendants unless otherwise noted: (1) retaliation, pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3617; (2) interference, coercion, and intimidation, in violation of 24 C.F.R. § 100.400; (3) failure to accommodate in violation of 29 U.S.C § 794 (against Bridge Housing only); (4) disability discrimination and failure to accommodate, pursuant to the Fair Employment Housing Act ("FEHA"), Cal. Gov't Code § 12955 (against Bridge Housing only); (5) retaliation, pursuant to FEHA (against Bridge Housing only); (6) retaliation, pursuant to Cal. Civ. Code § 1942.5; (7) elder abuse; (8) intentional infliction of emotional distress ("IIED"); (9) intentional misrepresentation (against Contreras only); (10) vicarious liability (against Bridge Housing); (11) vicarious liability (against KTS only); (12) negligent hiring, training, supervision, and ratification (against Bridge Housing only); (13) negligent hiring, training, supervision, and ratification (against KTS only); (14) declaratory relief; and (15) injunctive relief. ECF No. 8 ¶¶ 296-386.

On January 5, 2026, the KTS Defendants filed a motion to dismiss. ECF No. 13. On January 9, 2026, the Bridge Defendants filed their motion to dismiss. ECF No. 21. The motions are fully briefed. ECF Nos. 24 (opp. to KTS Defendants MTD), 26 (reply from KTS Defendants); 30 (opp. to Bridge Defendants MTD), 28 (reply from Bridge Defendants). On February 2, 2026, Plaintiff filed a motion for leave to file a sur-reply, and the Bridge Defendants filed an opposition to that motion. ECF Nos. 27, 29.

## II.     LEGAL STANDARD

Defendant moves to dismiss pursuant to Rule 12(b)(6) for failure to state a claim,

including for failure to plead allegations of fraud with particularity under Rule 9(b).

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When reviewing a motion to dismiss under Rule 12(b)(6), courts assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). But a court "disregard[s] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Likewise, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). "After eliminating such unsupported legal conclusions, [courts] identify 'well-pleaded factual allegations,' which [are] assume[d] to be true, 'and then [courts] determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus VPC*, 623 F.3d at 1003. Dismissal under Rule 12(b)(6) is proper where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

For claims alleging "fraud or mistake," a heightened pleading standard applies. Federal Rule of Civil Procedure 9(b) requires a party "alleging fraud or mistake [to] state with particularity the circumstances constituting fraud or mistake." Rule 9(b) "requires … an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "Averments of fraud must be accompanied by 'the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). A pleading must also identify "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.,* 966 F.3d 1007, 1019 (9th Cir. 2020) (quoting *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)). *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (citation and internal quotation marks omitted)).

A complaint by a plaintiff proceeding pro se is "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Pro se pleadings are construed liberally. *Id.* Nonetheless, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## III. ANALYSIS

### A. Litigation Privilege

Defendants argue that Plaintiff's claims one, two, five, six, seven, eight, nine, twelve, and thirteen are barred by the litigation privilege because they are based on actions Defendants took in anticipation of litigation. ECF Nos. 13-1 at 7, 12, 14-22; 21 at 5, 12.

25-cv-2908-RSH-SBC

The California litigation privilege, codified in California Civil Code § 47, bars tort claims other than for malicious prosecution that are based on "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Jacob B. v. Cnty. of Shasta,* 40 Cal. 4th 948, 955 (2007) (internal citation and quotation marks omitted). In addition, the litigation privilege attaches to *prelitigation* statements "only when [they] relate to litigation that is contemplated in good faith and . . . only if litigation is seriously considered." *Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (2007) (citation omitted). The litigation privilege is an affirmative defense, and the burden of proof is on Defendants to show that it applies to their conduct. *See Quigley v. Garden Valley Fire Prot. Dist.,* 7 Cal. 5th 798, 810 (2019) (determining that the litigation privilege is an affirmative defense); *Hinerfeld-Ward, Inc. v. Lipian*, 188 Cal. App. 4th 86, 93 (Ct. App. 2010) (finding that a defendant who "advances an affirmative defense to the plaintiff's claims bears the burden of proof on the defense") (citation and quotation marks omitted).

Here, the challenged claims are based on the three-day notices to quit and correspondence from Contreras—all statements that *might precede* litigation. After sending the correspondence to Plaintiff and serving the first notice, Defendants sent Plaintiff a second notice; and thereafter, Plaintiff alleges that he complied with the demands contained therein. ECF No. 8 ¶¶ 39, 70-77, 224. Defendants argue the litigation privilege applies to these claims because a "three-day notice to quit is a protected activity since it is a legal requirement before filing an unlawful detainer action" and "[s]tatements made concerning a dispute over a tenant's tenancy also are covered by the litigation privilege." ECF No. 13-1 at 8; 21 at 5.

Defendants rely on two cases, *Bisno v. Douglas Emmett Realty Fund 1988*, 174 Cal. App. 4th 1534 (Ct. App. 2009), and *Feldman v. 1100 Park Lane Assocs.*, 160 Cal. App. 4th 1467 (Ct. App. 2008). The California Court of Appeal in *Bisno*, referring to its decision the year earlier in *Feldman*, expounded as follows:

[T]he court in *Feldman* … held that [in determining whether the litigation privilege applies] the test was whether the three-day notice was issued when a concomitant unlawful detainer action was contemplated in good faith. … [T]he focus is on whether the unlawful detainer action was seriously contemplated when the notice was served, without regard to its merits or the landlord's motive. Because the three-day notice in *Feldman* was quickly followed up with an unlawful detainer action, and because there was no claim that the notice was made as some hollow threat, the *Feldman* court held that there was no dispute over the connection between the three-day notice and the later unlawful detainer action. The same is true here. Emmett's three-day notice to quit was quickly followed by the unlawful detainer action and Bisno does not contend that the notice was a hollow threat. Accordingly, no reasonable jury could conclude that the three-day notice was not sufficiently connected to the unlawful detainer action.

*Bisno*, 174 Cal. App. 4th at 1552-53 (citations omitted). Neither case stands for the proposition that a three-day notice is in all circumstances protected by the litigation privilege; the inquiry is whether the notice "was issued when a concomitant unlawful detainer action was contemplated in good faith."

Here, no unlawful detainer action was filed, and Defendants have not established at the pleading stage that such an action was contemplated in good faith at the time the notices were filed. *See Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (2007) ("Whether a prelitigation communication relates to litigation that is contemplated in good faith and under serious consideration is an issue of fact."). The Court declines to dismiss these claims on the basis of the litigation privilege.

B.    **Group Pleading**

Defendants move to dismiss Plaintiff's claims one, two, three, four, six, seven, and eight for improper group pleading, arguing that Plaintiff has failed to allege facts connecting each individual Defendant to specific conduct that would form the basis for these claims. ECF No. 13 at 7, 12-16; ECF No. 21 at 6-11. Plaintiff responds that the FAC sufficiently "alleges coordinated conduct undertaken by Defendants" and "attributes specific actions" to each Defendant. ECF No. 24 at 5, 7.

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "The Supreme Court has interpreted the 'short and plain statement' requirement to mean that the complaint must provide 'the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). A complaint must allege "the factual basis for each claim against each Defendant." *R.V. Coleman v. R.C. Johnson*, No. 22-cv-5977-MWF, 2022 WL 18359122, at *3 (C.D. Cal. Oct. 4, 2022).

The Court agrees with Defendants. The Amended Complaint alleges, at a high level, numerous acts of collective wrongdoing by groups of defendants. ECF No. 8 ¶¶ 296-322, 329-347. These imprecise allegations fail to satisfy Rule 8. Plaintiff has failed to identify what actions each defendant took, and how each defendant allegedly violated his rights. In some instances, Plaintiff alleges specific facts as to Ramirez, Contreras, or Quicho, but Plaintiff does not relate those facts to specific causes of action or their elements. *Id.* ¶¶ 156-163 (Ramirez); 164-179 (Quicho); 180-295 (Contreras). The Court cannot speculate on which allegations are intended to establish which claims. The claims at issue therefore fail to state a claim. *See Sheldon v. San Quentin Staff*, 2024 WL 219263, at *4-5 (N.D. Cal. Jan. 19, 2024) (dismissing complaint where plaintiff failed to link named defendants to specific allegations); *Miller v. Unknown*, 2022 WL 3016192, at *3 (C.D. Cal. Feb. 22, 2022) (finding dismissal proper under Rule 8 where the plaintiff failed to provide fair notice by not identifying specific defendants, detailing their alleged conduct, or explaining the legal basis for the claims); *Manukyan v. Cach*, LLC, 2012 WL 6199938, at *3 (C.D. Cal. Dec. 11, 2012) ("A court should dismiss a complaint that makes undifferentiated allegations against multiple defendants[.]") (citations omitted); *In re Sagent Tech, Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for

25-cv-2908-RSH-SBC

which alleged wrongful act."). Accordingly, the Court dismisses claims one, two, three, four, six, seven, and eight.

### C.    Claim Five: Retaliation Pursuant to FEHA

Bridge Housing moves to dismiss Plaintiff's retaliation claim under FEHA, contending Plaintiff has failed to "allege any adverse actions taken by Defendants in response to his alleged protected activity." ECF No. 28 at 3.  Plaintiff argues that the Amended Complaint "alleges a causal connection" between Plaintiff's protected activity and Defendant's adverse actions "supported by temporal proximity and a pleaded course of conduct." ECF No. 30 at 11.

The provisions of FEHA mirror the FHA in relation to retaliation claims and are subject to the same analysis. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1131 n.8 (9th Cir. 2001); *Cabrera v. Alvarez,* 977 F. Supp. 2d 969, 975 (N.D. Cal. 2013). To state a claim for retaliation under either statute, a plaintiff must show: (1) he engaged in protected activity; (2) the defendant subjected him to an adverse action; and (3) there is a causal link between the protected activity and the adverse action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). An adverse action for a retaliation claim is an action that "is reasonably likely to deter the [plaintiff] from engaging in protected activity." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Turning to the first element, Plaintiff alleges that he engaged in protected activity by filing a housing discrimination complaint and requesting reasonable accommodation. ECF No. 8 ¶ 324. Bridge Housing concedes that Plaintiff's housing discrimination complaint and request for reasonable accommodation are protected activity under the FHA. ECF No. 21 at 4. The Court agrees. *See Bezi v. Camacho*, 2014 WL 2215911, at *8 (C.D. Cal. May 23, 2014) (concluding that protected activities under the FHA include a request for a reasonable accommodation); *Elliott v. QF Circa 37, LLC*, No. 16-CV-0288-BAS-AGS, 2018 WL 2933467, at *19 (S.D. Cal. June 12, 2018) (concluding that "[t]he filing of a housing discrimination complaint is a protected activity" under the FHA). Plaintiff has adequately pleaded this element.

Next, as to the element of adverse action, Plaintiff alleges Defendants retaliated against him by sending the notices to quit that included "threats of civil and criminal action." ECF No. 8 ¶ 28. Courts have held that in the context of a FEHA or FHA retaliation claim, a threat to evict a tenant constitutes an adverse action. *See Whiting*, 2020 WL 7382777, at *7 (C.D. Cal. Oct. 30, 2020) (concluding that "threatening to evict Plaintiff [is] sufficient to plead an adverse action"). Plaintiff alleges that the "[t]he notices and Contreras's letter constituted an intentional misuse of the eviction process to intimidate" him. ECF No. 8 ¶ 38. The Court concludes that Plaintiff has adequately alleged this element.

Finally, as to the causal link between his protected activity and the adverse action, Plaintiff alleges that three days after he submitted a request for disability-related accommodation to Bridge Housing, Defendants served Plaintiff with the first notice to quit. *Id.* ¶¶ 25, 27, 28. Plaintiff further alleges that he filed a housing discrimination complaint, and later that same day, Defendants served Plaintiff with a second notice. *Id.* ¶¶ 21, 31, 32. Plaintiff alleges that there is a causal link because the notices were sent in close temporal proximity to his protected activity. Defendants argue that Plaintiff "fails to plead facts showing Defendants' domina[nt] motive" was to retaliate against Plaintiff for engaging in protected activity. ECF No. 21 at 4. At the pleading stage, however, Plaintiff's allegations regarding the temporal proximity of protected activities to adverse actions are sufficient to allege a causal link. *See Donaghey v. Moorpark Bellingham Homeowners Ass'n, Inc.*, No. 2:22-cv-08524-DSF-MAA, 2023 WL 9318509, at *5 (C.D. Cal. Nov. 29, 2023) (concluding that plaintiff in a FHA retaliation claim alleged a causal link because of "[t]he proximity in time between the events"); *Whiting v. Albek*, No. EDCV191542DMGSHKX, 2020 WL 7382777, at *7 (C.D. Cal. Oct. 30, 2020) (finding that the plaintiff adequately alleged a causal link because of the temporal proximity between the plaintiff's complaint and the defendant's threat of eviction); *Walker*, 272 F.3d at 1130 (causal link was established when the defendant sent a letter to the plaintiff "less than two weeks" after receiving the complaint).

25-cv-2908-RSH-SBC

For these reasons, the Court concludes that Plaintiff adequately alleged a FEHA retaliation claim against Bridge Housing.

### D. Claim Nine: Intentional Misrepresentation

Contreras moves to dismiss Plaintiff's intentional misrepresentation claim, claim nine, for failure to satisfy the Rule 9(b) heightened pleading standard. ECF No. 13 at 19-22. The elements of a claim for intentional misrepresentation are (1) a misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damage. *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (Ct. App. 2004). The claim sounds in fraud and is subject to the heightened pleading standard. *See Avakian v. Wells Fargo Bank, N.A.*, 827 F. App'x 765, 766 (9th Cir. 2020) (applying Rule 9(b) pleading standards for common law intentional misrepresentation claim) (citation omitted); *Ramos v. Ramos*, 691 F. App'x 487, 488 (9th Cir. 2017) ("Dismissal of plaintiffs' intentional misrepresentation claim was proper because plaintiffs failed to allege facts with the specificity required by Federal Rule of Civil Procedure 9(b).") (citation omitted).

Here, Plaintiff alleges the dates of letters and emails containing misrepresentations, and identifies the general subject matter of the alleged misrepresentations. ECF No. 8 ¶¶ 348-50. But he fails to identify on a statement-by-statement basis who made each statement, when and how each statement was made, what each statement was, and how each statement was false. Plaintiff has not satisfied the Rule 9(b) pleading requirement. Without further specificity, the Court also cannot evaluate the sufficiency of any allegations of reasonable reliance or resulting harm. Accordingly, this claim is discussed for failure to satisfy the Rule 9(b) heightened pleading standard.

### E. Claims Ten and Eleven: Vicarious Liability

In claims ten and eleven, Plaintiff asserts a vicarious liability claim against KTS and Bridge Housing, respectively. Respondeat superior, also known as vicarious liability, is a "common law principle of secondary liability and generally summarizes the doctrine that a master or other principal is responsible, under certain conditions, for the conduct of a

25-cv-2908-RSH-SBC

servant or other agent[.]" *Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1577 n.28 (9th Cir. 1990). In the context of employee misconduct, an employer can be vicariously liable for a tort committed by an employee acting within the scope of employment, but it is not a freestanding cause of action. *Wuxi City Runyuan Keji Ziaoe Daikuan Co. v. Xu,* No. EDCV1202274DDPSPX, 2013 WL 12139848, at *4 (C.D. Cal. May 1, 2013) (finding that vicarious liability is not an independent cause of action); *Fernandez v. Penske Truck Leasing Co., L.P.*, 2012 WL 1832571, *1 n. 1 (D. Nev. May 18, 2012) ("Respondeat superior is a theory of holding an employer vicariously liable for the torts of its employee, it is not an independent cause of action.").

Here, Plaintiff's vicarious liability claims are not associated with a specific underlying cause of action. "[W]here no underlying cause of action exists, no vicarious liability can exist either." *Dyer v. Northbrook Property & Casualty Ins. Co.*, 210 Cal. App. 3d 1540, 1553 (Ct. App. 1989). Accordingly, the Court dismisses Plaintiff's vicarious liability claims.

### F.     Claims Twelve and Thirteen: Employer Negligence

In claims twelve and thirteen, Plaintiff asserts a claim for negligent hiring, training, supervision, and ratification against KTS and Bridge Housing, respectively. KTS and Bridge Housing move to dismiss these claims because Plaintiff's allegations are "conclusory" and "rely on unwarranted deductions of fact." ECF Nos. 13-1 at 23; 21 at 13.

"California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." *Doe v. Capital Cities,* 50 Cal. App. 4th 1038, 1054 (Ct. App. 1996); *see also Phillips v. TLC Plumbing, Inc.,* 172 Cal. App. 4th 1133, 1139 (Ct. App. 2009). Liability for negligent hiring "will be imposed upon the employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Delfino v. Agilent Techs., Inc.,* 145 Cal. App. 4th 790, 815 (Ct. App. 2006). Liability for negligent supervision and/or retention of "an employee is one of direct liability for negligence, not vicarious liability." *Phillips,* 172 Cal. App. 4th at 1139.

25-cv-2908-RSH-SBC

Here, Plaintiff alleges that Bridge Housing and KTS "negligently or recklessly": (1) "hir[ed] or retain[ed] employees with adequate qualifications or screening"; (2) "fail[ed] to train staff on fair housing, disability accommodation"; (3) "fail[ed] to supervise employees to prevent unlawful retaliation"; (4) "allow[ed] employees to engage in conduct that violated Plaintiff's rights;" and (5) "ratif[ied] or approved such misconduct after being placed on notice." ECF No. 8 ¶ 374.

Here, Plaintiff has not pleaded non-conclusory facts regarding Defendants' practices in hiring, retaining, training, or supervising their employees, or in ratifying specific acts by employees, in a manner that plausibly establishes negligence. These claims are therefore subject to dismissal. *See Barria v. Wells Fargo Bank, N.A.*, No. 2:15-CV-01413-KJM-AC, 2016 WL 474319, at *10 (E.D. Cal. Feb. 8, 2016) (concluding that plaintiffs failed to state a negligent supervision, and training claim because the complaint lacked factual allegations regarding that claim); *Townsend v. Bank of Am., N.A.*, No. SACV080372AGANX, 2009 WL 10671412, at *6 (C.D. Cal. Mar. 9, 2009) (dismissing plaintiff's claim for negligent, hiring, supervision, training, or retention claim based on plaintiff's conclusory allegations).

## G.    Claims Fourteen and Fifteen: Declaratory and Injunctive Relief

Declaratory and injunctive relief are remedies, not standalone causes of action. *Cox Commc'ns PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal.) (concluding that injunctive relief is a remedy, not a cause of action); *Herbalife Int'l of Am., Inc. v. E. Computer Exch. Inc.*, No. 222CV00347ODWAGRX, 2022 WL 2065592 (C.D. Cal. June 8, 2022) ("Declaratory relief is a remedy and not an independent cause of action."). Plaintiff seeks these same remedies in his prayer for relief. ECF No. 8 at 62-64. Accordingly, these claims are subject to dismissal.

## H.    Leave to Amend

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). At the same time, "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and

amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citation omitted). "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (quotations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

Here, for those claims that the Court is dismissing for failure to adequately plead non-conclusory facts supporting a claim, for improper group pleading, or for failure to meet the heightened pleading standard where applicable—claims one through four, six through nine, twelve, and thirteen—such deficiencies could possibly be cured by amendment. Accordingly, the Court grants Plaintiff leave to file a second amended complaint for the sole purpose of addressing the deficiencies in those claims identified herein.

## IV.    CONCLUSION

For the foregoing reasons, the KTS Defendants' motion to dismiss [ECF No. 13] is **GRANTED**. The Bridge Defendants' motion to dismiss [ECF No. 21] is **DENIED** as to claim five, but is **GRANTED** as to the remaining claims. The Court **DISMISSES** claims one through four and six through fifteen.

The Court **GRANTS** Plaintiff leave to file a second amended complaint, if Plaintiff chooses to do so, within ***thirty (30) days*** of the date of this order and subject to the limitations described above. The amended pleading must be complete in and of itself, without reference to the Amended Complaint or any other pleading, attachment, or document. If Plaintiff files a second amended complaint that exceeds the leave granted by this order, the pleading will be stricken.

If Plaintiff does not file an amended pleading within the timeframe set forth above, the Amended Complaint will remain the operative pleading as to claim five only; all

25-cv-2908-RSH-SBC

Defendants except Bridge Housing will be dismissed from the action; and Bridge Housing's responsive pleading will be due forty-five (45) days after the date of this order.

Plaintiff's motion to file a sur-reply [ECF No. 27] is **DENIED** as moot.[1]

**IT IS SO ORDERED.**

Dated: April 9, 2026

_____
Hon. Robert S. Huie
United States District Judge

---

[1]  Plaintiff's motion seeks to submit briefing in response to the KTS Defendants' "broaden[ed]" reliance in their reply brief on a single case, *Schrader Cellars, LLC v. Roach,* 129 F.4th 1115 (9th Cir. 2025), addressing whether the litigation privilege should apply to Plaintiff's claims. ECF No. 27 at 2. The Court has declined to dismiss on the ground of the litigation privilege, and accordingly does not have occasion to address a sur-reply arguing that the privilege should not apply.

15

25-cv-2908-RSH-SBC